UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **ERIC MELLOW**, individually, and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**ADIENT US LLC**,<br><br>　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Eric Mellow, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Class Action Complaint against Defendant Adient US LLC and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1.　　Plaintiff brings this action, individually and as a class action pursuant to Fed R. Civ. P. 23, on behalf of all others similarly situated, to recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of KRS 337.

2.　　Defendant Adient US LLC employed a staff of hourly-paid factory workers, including Plaintiff, to perform work for Defendant.

3.　　Defendant failed to pay its hourly-paid factory workers, including Plaintiff, in accordance with its terms of employment, which were clearly outlined in a handbook that was distributed to its employees.

4.　　According to Defendant's terms of employment, ***all hours*** worked on Saturday

must be paid at one and one-half times the employee's regular hourly rate.

5. According to Defendant's terms of employment, all shifts that end on a Sunday should be paid at double the employee's regular hourly rate, unless Sunday shifts are a part of the employee's regular work schedule.

6. Defendant failed to pay Plaintiff and other hourly-paid factory workers in accordance with its terms of employment for all hours worked in shifts ending on Saturday and Sunday.

7. Defendant implemented a policy of paying the hourly-paid factory workers, including Plaintiff, their regular hourly rate for hours worked in shifts ending on Saturday and Sunday, in violation of its terms of employment.

8. Defendant had knowledge about the hourly-paid factory workers, including Plaintiff, regularly working shifts ending on Saturday and Sunday but nonetheless failed to pay them for all hours worked in these shifts in accordance with its terms of employment.

9. As a result of Defendant's unlawful common policies and practices, the hourly-paid factory workers, including Plaintiff, were deprived of compensation to which they were entitled according to their terms of employment with Defendant, in violation of KRS 337.020.

10. Defendants have willfully and intentionally committed widespread violations of KRS 337.020 and corresponding regulations, in the manner described herein.

**JURISDICTION AND VENUE**

11. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

12. This Court may properly maintain personal jurisdiction over Defendants because

Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

13. Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. §1391(b)(1) and (2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

**Defendants**

14. Defendant Adient US LLC "manufactures automotive seats. Adient US LLC was formerly known as Johnson Controls Interiors LLC. The company was incorporated in 1997 and is based in Plymouth, Michigan. Adient US LLC operates as a subsidiary of Adient plc".[1]

15. Defendant Adient US LLC operates multiple locations across the country and globally, including the Kentucky plant located at 824 Lemons Mill Road, Georgetown, KY 40324.[2]

16. According to the Kentucky Secretary of State website, Adient US LLC has a registered office address of CT Corporation System, 306 W. Main Street Suite 512, Frankfort, KY 40601.

**Plaintiff**

17. Plaintiff Eric Mellow ("Plaintiff") is a resident of Georgetown, Kentucky in Scott County.

18. Plaintiff was employed by Adient US LLC as an hourly-paid factory worker from approximately October 1, 2016 through December 10, 2018.

---

[1] *See* Adient US LLC's Bloomberg company overview: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=26442932 (last accessed April 17, 2019).
[2] *See* Defendant's website: https://www.adient.com/about-us/locations (last accessed April 17, 2019).

19. Plaintiff was employed to work at Adient US LLC's Georgetown, Kentucky location.

## FACTUAL ALLEGATIONS

20. Defendant was an "Employer" of hourly-paid factory workers, including Plaintiff, under KRS 337.010.

21. Hourly-paid factory workers, including Plaintiff, were "Employees" of Defendant under KRS 337.010.

22. Defendant provided its hourly-paid factory workers with a "Team Member Handbook," hereinafter referred to as "handbook", which outlines Defendant's employment policies, procedures, and benefits as applicable to its employees.

23. "Article 8: Hours of Work and Pay" of the handbook, attached hereto as ***Exhibit A***, describes in detail Defendant's pay policies.

24. According to Defendant's handbook, the workday is defined by the day the work schedule normally ends. "For example, a shift that normally starts on Sunday evening & finishes on Monday will be considered a Monday." ***See Exhibit A.***

25. According to Defendant's definition of a workday, shifts ending on Saturday are "Saturday shifts" and shifts ending on Sunday are "Sunday shifts," and all hours within those shifts must be paid as though they were worked on Saturday and Sunday respectively.

26. According to Defendant's handbook, "all hours worked on Saturday will be paid at one & one-half times their normal rate." ("Saturday Premium") ***See Exhibit A***.

27. According to Defendant's handbook, "Sunday or a Company observed holiday will be paid at double the employee's straight time hourly rate." This does not apply if Sunday is a part of the employee's "regular weekly schedule." ("Sunday Premium") ***See Exhibit A***.

28. Despite its terms of employment clearly described in the handbook, Defendant implemented a policy and practice of failing to pay the hourly-paid factory workers, including Plaintiff, the Saturday and Sunday Premiums they were due.

29. Plaintiff was paid on an hourly basis.

30. Plaintiff's hourly rate was $20.25.

31. Plaintiff had a regular work schedule of 5-7 days a week.

32. Plaintiff would punch in and out at the beginning and end of every shift.

33. Plaintiff regularly worked a shift that began at approximately 5:15 PM and ended at approximately 2 AM the following day.

34. Plaintiff regularly worked a shift beginning at 5:15 PM on Friday and ending at 2 AM on Saturday.

35. Plaintiff and other hourly-paid factory workers regularly worked shifts ending on Saturday.

36. Plaintiff and other hourly-paid factory workers worked shifts ending on Sunday, which were not part of their regular weekly work schedule.

37. Defendant implemented a policy and practice of failing to pay the hourly-paid factory workers, including Plaintiff, the Saturday Premium for all hours worked in Saturday shifts. ("Saturday Shift Claim")

38. Defendant implemented a policy and practice of failing to pay the hourly-paid factory workers, including Plaintiff, the Sunday Premium for all hours worked in Sunday shifts that were not part of their regular weekly work schedule. ("Sunday Shift Claim")

39. As a result of Defendant's unlawful common policies and practices, the hourly-paid factory workers, including Plaintiff, were deprived of the Saturday and Sunday Premiums to which

5

they were entitled under the terms of their employment with Defendant.

40. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

41. Defendant's violations of the above-described state statute were willful, arbitrary, unreasonable and in bad faith.

## CLASS ACTION ALLEGATIONS

42. Plaintiff re-alleges and incorporates all previous paragraphs herein.

43. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and as an opt-out class action on behalf of all similarly situated hourly-paid factory workers, the class members, hereinafter referred to as the "Kentucky Class," to be defined as:

> *All Defendant's hourly-paid factory workers in Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.*

44. Plaintiff brings the "Saturday Shift Claim" on behalf of the "Saturday Subclass," defined as follows:

> *All Kentucky Class members who worked a Saturday shift, as defined in Defendant's handbook.*

45. Plaintiff brings his "Sunday Shift Claim" on behalf of the "Sunday Subclass," defined as follows:

> *All Kentucky Class members who worked a Sunday shift, as defined in Defendant's handbook, in a period when Sunday shifts were not part of their regular weekly schedule.*

46. Plaintiff states law Rule 23 claims are brought on an "opt-out" basis, such that each

class includes individuals who have not filed written consent forms in this matter.

47. This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

48. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least one hundred (100) class members.

49. This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

a. Whether Defendant "employed" members of the classes described above for purposes of Kentucky labor laws;

b. Whether Defendant is liable to members of the classes described above for violations of the applicable labor codes;

c. Whether Defendant failed to pay members of the classes described above the Saturday and Sunday Premiums described herein;

50. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.

51. Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of failing to pay the Saturday and Sunday Premiums to which he was entitled under the terms of his employment, thus giving rise to legal remedies under applicable Kentucky labor law.

52. Plaintiff has no interests antagonistic to the interests of other class members.

53. Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and adequately protect the interests of the classes.

54. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

> a. Numerosity under Fed. R. Civ. P. 23(a)(1). Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation;
>
> b. Commonality under Fed. R. Civ. P. 23(a)(2). Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the putative classes in litigating the common issues on a class wide basis instead of on a repetitive individual basis;
>
> c. Typicality under Fed. R. Civ. P. 23(a)(3). The named Plaintiff's claims are typical and not antagonistic to the claims of members of the proposed classes; and
>
> d. Adequacy of Representation under Fed. R. Civ. P. 23(a)(4). Plaintiff has retained counsel competent and experienced in complex class action litigation and intends to prosecute this action vigorously. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the

classes.

55. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable state wage statutes of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

56. Plaintiff brings this class action against Defendant to recover unpaid compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to KRS 337.385.

57. The action further alleges a willful violation of KRS 337.

### COUNT I
### Violation of KRS 337.020
### FAILURE TO PAY SATURDAY SHIFT PREMIUM

58. Plaintiff re-alleges and incorporates all previous paragraphs herein.

59. KRS 337.020 provides:

> Every employer doing business in this state shall, as often as semimonthly, pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment. Any employee who is absent at the time fixed for payment, or who, for any other reason, is not paid at that time, shall be paid thereafter at any time upon six (6) days' demand. No employer subject to this section shall, by any means, secure exemption from it. Every such employee shall have a right of action against any such employer for the full amount of his wages due on each regular pay day. The provisions of this section do not apply to those individuals defined in KRS 337.010(2)(a)2.
>
> 337.020 Time of payment of wages – Exception

60. KRS 337.385 provides:

(1) Except as provided in subsection (3) of this section, any employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court.

(2) If, in any action commenced to recover such unpaid wages or liquidated damages, the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he or she had reasonable grounds for believing that his or her act or omission was not a violation of KRS 337.020 to 337.285, the court may, in its sound discretion, award no liquidated damages, or award any amount thereof not to exceed the amount specified in this section. Any agreement between such employee and the employer to work for less than the applicable wage rate shall be no defense to such action. Such action may be maintained in any court of competent jurisdiction by any one (1) or more employees for and in behalf of himself, herself, or themselves.

(3) If the court finds that the employer has subjected the employee to forced labor or services as defined in KRS 529.010, the court shall award the employee punitive damages not less than three (3) times the full amount of the wages and overtime compensation due, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court, including interest thereon.

(4) At the written request of any employee paid less than the amount to which he or she is entitled under the provisions of KRS 337.020 to 337.285, the commissioner may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner in case of suit shall have power to join various claimants against the same employer in one (1) action.

KRS 337.385 Employer's liability — Unpaid wages and liquidated damages –    Punitive damages for forced labor or services.

61. Defendant paid Plaintiff on an hourly basis.

10

62. Plaintiff regularly worked a Saturday shift, as defined in the handbook that began at approximately 5:15 PM on Friday and ended at approximately 2 AM on Saturday.

63. Defendant failed to pay its hourly-paid factory workers, including Plaintiff, the Saturday Premium for all hours worked in Saturday shifts.

64. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

65. As a result of Defendant's uniform policies and practices described above, hourly-paid factory workers, including Plaintiff, were illegally deprived of the Saturday Premium to which they were entitled under the terms of their employment with Defendant.

66. Saturday Subclass members, including Plaintiff are entitled to the unpaid Saturday Premium earned, in such amounts to be determined at trial, as well as liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to KRS 337.385.

**COUNT II**
**Violation of KRS 337.020**
**FAILURE TO PAY SUNDAY SHIFT PREMIUM**

67. Plaintiff re-alleges and incorporates all previous paragraphs herein.

68. Plaintiff and other hourly-paid factory workers occasionally worked a Sunday shift, as defined in the handbook, which was not a part of his regular weekly work schedule.

69. Defendant failed to pay its hourly-paid factory workers, including Plaintiff, the Sunday Premium for all hours worked in Sunday shifts that were not a part of their weekly work schedule.

70. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

71. As a result of Defendant's uniform policies and practices described above, hourly-

paid factory workers, including Plaintiff, were illegally deprived of the Sunday Premium to which they were entitled under the terms of their agreement with Defendant.

72. Sunday Subclass members, including Plaintiff are entitled to the unpaid Sunday Premium earned, in such amounts to be determined at trial, as well as liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to KRS 337.385.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) An order declaring that Defendants' wage practices alleged herein willfully violated KRS Chapter 337;

(B) Certifying the "Kentucky Class" pursuant to Fed R. Civ. P. 23(b)(2) with respect to all of the claims set forth herein;

(C) Certifying the "Saturday Subclass" pursuant to Fed R. Civ. P. 23(b)(2) with respect to the "Saturday Shift Claim" set forth herein;

(D) Certifying the "Sunday Subclass" pursuant to Fed R. Civ. P. 23(b)(2) with respect to the "Sunday Shift Claim" set forth herein;

(E) Designating Plaintiff as the representative of all the classes in this action;

(F) Designating the undersigned counsel as counsel for classes in this action;

(G) Judgment for damages for all unpaid compensation and liquidated damages to which Plaintiff and the class members are lawfully entitled under KRS 337.385;

(H) An incentive award for the Plaintiff for serving as representative of the classes in this action;

(I) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided

by 337.385; and

(J) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff Eric Mellow, individually and on behalf of all other Kentucky Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: May 15, 2019								RESPECTFULLY SUBMITTED,

/s/ *Trent Taylor*
Trent Taylor (Kentucky Bar ID: 0094828)
Robert E. DeRose (Admitted Pro Hac Vice)
Jessica R. Doogan (Admitted Pro Hac Vice)
BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
T: (800) 274-5297
F: (614) 744-2300
ttaylor@barkanmeizlish.com
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

*Local Counsel for Plaintiff*

Jason T. Brown*
Nicholas Conlon*
Lotus Cannon*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

lotus.cannon@jtblawgroup.com

*Will seek admission pro hac vice

*Lead Counsel for Plaintiff*